**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE HARDGERS-POWELL and YOLANDA CLAY, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>      - vs -<br><br>ANGELS IN YOUR HOME LLC, ANGELS IN YOUR HOME, DAVID WEGMAN, individually and in his role as owner of ANGELS IN YOUR HOME and/or ANGELS IN YOUR HOME LLC, and ANDY WEGMAN, individually and in his role as owner of ANGELS IN YOUR HOME and/or ANGELS IN YOUR HOME LLC,<br><br>                       Defendants. | No. 16-cv-6612 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION

BOYLAN CODE LLP
Terence L. Robinson, Jr.
Scott M. Mooney
Culver Road Armory
145 Culver Road, Suite 100
Rochester, NY 14620

*Attorneys for Defendants Angels in Your Home LLC, Angels in Your Home, David Wegman, and Andy Wegman*

**<u>TABLE OF CONTENTS</u>**

INTRODUCTION ................................................................................................1

FACTUAL BACKGROUND ..............................................................................2

ARGUMENT .....................................................................................................7

      POINT I        THE MOTION FOR CONDITIONAL CERTIFICATION AS A
                        COLLECTIVE ACTION IS PREMATURE ................................................7

      POINT II      PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY
                        ARE "SIMILARLY SITUATED" TO THE POTENTIAL OPT-IN
                        PLAINTIFFS ....................................................................................8

      POINT III     THE NOTICE IS OVERBROAD, VAGUE, AND IMPROPER ..............11

      POINT IV    THE DISCOVERY SOUGHT BY PLAINTIFFS IS
                        OVERBROAD ..................................................................................14

CONCLUSION ................................................................................................16

**TABLE OF AUTHORITIES**

CASES

*Alves v. Affiliated Home Care of Putnam, Inc.*,
 No. 16-cv-1593, 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. Feb. 8, 2017)................................8

*Cano v. Four M Food Corp.*,
 No. 08-cv-3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009................................11

*Chhab v. Darden Rests., Inc.*,
 No. 11-cv-8345, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 20, 2013) ........................15

*Diaz v. S & H Bondi's Dep't Store, Inc.*,
 No. 10-cv-7676, 2012 U.S. Dist. LEXIS 5683 (S.D.N.Y. Jan. 18, 2012) ................................9

*Fa Ting Wang v. Empire State Auto Corp.*,
 No. 14-cv-1491, 2015 U.S. Dist. LEXIS 99089 (E.D.N.Y. June 29, 2015) ...........................13

*Home Care Ass'n of Am. v. Weil*,
 76 F. Supp. 3d 138 (D.D.C. 2014) ...................................................................................4

*Home Care Ass'n of Am. v. Weil*,
 799 F.3d 1084 (D.C. Cir. 2015) ......................................................................................4

*Kew Sing Yap v. Mooncake Foods, Inc.*,
 146 F. Supp. 3d 552 (S.D.N.Y. 2015)................................................................................12

*McGlone v. Contr. Callers, Inc.*,
 867 F. Supp. 2d 438 (S.D.N.Y. 2012)...............................................................................10

*Mendoza v. Casa De Cambio Delgado, Inc.*,
 No. 07-cv-2579, 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008) ...........................10

*Myers v. Hertz Corp.*,
 624 F.3d 537 (2d Cir. 2010)..............................................................................................8

STATUTES

29 U.S.C. § 213.....................................................................................................................3

29 U.S.C. § 216.....................................................................................................................2

OTHER AUTHORITIES

29 C.F.R. 552.6 ...................................................................................................................3

29 C.F.R. § 552.109 ...........................................................................................................3

80 F.R. 55029 .....................................................................................................................4

News Release, Dep't of Labor (Oct. 6, 2015) ....................................................................5

## INTRODUCTION

Defendants Angels in Your Home LLC, Angels in Your Home, David Wegman, and Andy Wegman submit this Memorandum of Law and the supporting Affidavit of Michael Wegman in opposition to the motion for conditional certification as a collective action (Dkt. 15) filed by Plaintiffs Rose Hardgers-Powell and Yolanda Clay.

Plaintiffs' motion for conditional certification as a collective action should be denied for two reasons. First, it is premature. Defendants filed a motion to dismiss (Dkt. 4) in October 2016 that, if granted, will substantially limit the size of the potential collective action and the burden of providing the employee identification information needed for the notice of a collective action. Until the pending motion to dismiss is decided, it is premature to consider the conditional certification of this action as a collective action because the scope of the proposed collective action may be severely limited based on a potential ruling by the Court in favor of Defendants on their motion to dismiss. Second, the current motion should be denied because Plaintiffs have not submitted sufficient factual allegations to demonstrate that they are similarly situated to the potential opt-in members. Plaintiffs' motion rests solely on conclusory allegations made on "information and belief." They do not even identify a single other employee of Defendants that they have spoken to, or the source of their alleged knowledge regarding a common policy of Defendants to allegedly not pay overtime wages required by law. As a result, the motion for conditional certification as a collective action should be denied.

To the extent the Court does not deny the present motion in its entirety, it should revise the proposed Notice of Lawsuit (the "Notice") (Dkt. 15-2) offered by Plaintiffs in conjunction with their present motion. The Notice is overbroad, vague, and improper. It extends beyond

- 1 -

what may be the actual scope of any potential collective action, misrepresents the ability of

potential opt-in members to recover money or benefits in a separate action, and does not contain

a proper opt-in period.  Moreover, the discovery that Plaintiffs seek in furtherance of the Notice

is also overbroad.  Plaintiffs seek a variety of sensitive personal identification information for

potential opt-in plaintiffs, including their social security numbers and dates of birth.  That

information is not required for Plaintiffs to mail the Notice to potential opt-in members.  Finally,

Plaintiffs request that Defendants be forced to post the Notice in their facilities without any basis

for requesting such extreme measures when basic employee identification information is

available.  As a result, if the present motion is not denied, the Notice and the discovery Plaintiffs

seek in support of the Notice should be limited.

## FACTUAL BACKGROUND

Plaintiffs commenced this action on September 7, 2016, as a collective action under 29

U.S.C. § 216(b).  *See* Complaint (Dkt. 1).  Plaintiff Rose Hardgers-Powell alleges that she has

been employed by Defendants as a Consumer Directed Personal Assistance Program Aide from

August 2015 to the present.  *Id.* at ¶ 4.  Plaintiff Yolanda Clay alleges that she was employed by

Defendants as a Personal Care Aide from May 2013 to May 2015.  *Id.* at ¶ 5.  Plaintiffs both

allege that Defendants violated the overtime requirements of the Fair Labors Standard Act

("FLSA"), 29 U.S.C. §§ 201-219, by paying them and similarly situated employees less than one

and one-half times their regular hourly rate for all hours worked in excess of forty in a single

work week.  *Id.* at ¶ 6.  Plaintiffs have defined their alleged putative class as "all current of

former employees of Defendants who provided care, assistance, or companionship to individuals

during the period January 1, 2015, to the present, and who were paid by the hour but not paid at

least one and one-half times their regular hourly rate for all hours worked in excess of forty in a single work week." *Id.* at ¶ 8.

As Plaintiffs acknowledge in their Complaint, the FLSA exempts certain domestic workers from the requirement that they be paid overtime. *Id.* at ¶ 44. Specifically, 29 U.S.C. § 213(a)(15) exempts from overtime pay "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves...." The United States Department of Labor subsequently adopted implementing regulations stating that the exemption in 29 U.S.C. § 213(a)(5) applied to companionship services workers who were "employed by an employer other than the family or household using their services." 29 C.F.R. § 552.109(a), (c). The regulations defined "companionship services" to mean "those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 C.F.R. 552.6.

In 2013 the U.S. Department of Labor revisited its prior regulation regarding whether the exemption in 29 U.S.C. § 213(a)(15) applies to companionship services workers who are employed by a third party. On October 1, 2013, the U.S. Department of Labor issued a new regulation (the "Final Rule") regarding third party employment, stating that "[t]hird party employers or employees engaged in companionship services ... may not avail themselves of the ... overtime exemption provided by [29 U.S.C. § 213(a)(15)]." 29 C.F.R. § 552.109(a). The U.S. Department of Labor designated January 1, 2015, as the effective date of the Final Rule. *Id.*

However, in 2014 the Home Care Association of America filed a lawsuit in the United States District Court for the District of Columbia challenging the legality of the Final Rule. In December 2014, weeks before the planned effective date of the Final Rule, the District Court for the District of Columbia granted summary judgment to the Home Care Association of America and vacated the Final Rule. *Home Care Ass'n of Am. v. Weil*, 76 F. Supp. 3d 138, 148 (D.D.C. 2014) ("*Weil I*"). The U.S. Department of Labor appealed, and on August 21, 2015, the United States Court of Appeals for the District of Columbia reversed the decision in *Weil I* and remanded to the district court for the entry of summary judgment in favor of the U.S. Department of Labor. *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1097 (D.C. Cir. 2015) ("*Weil II*"). However, the Mandate from the Court of Appeals for the District of Columbia was not issued until October 13, 2015. As a result, the U.S. Department of Labor issued public statements explaining that the "Court of Appeals opinion [in *Weil II*] will become effective when that court issues a mandate directing the district court to enter a new judgment in favor of the Department." 80 F.R. 55029.[1]

On October 13, 2016, Defendants filed a motion to dismiss (Dkt. 4). Specifically, Defendants seek to dismiss the Complaint to the extent it alleges FLSA violations prior to October 13, 2015, the date of the Mandate from the Court of Appeals in *Weil II*. Prior to that date, the Final Rule was not in effect because it had been vacated by the decision in *Weil I* and the reversal of that decision by the court in *Weil II* did not become effective until the issuance of

---

[1] A copy of the United States Department of Labor's public statement regarding *Weil II* is attached as Exhibit 1 to the Affidavit of Michael Wegman, sworn to on March 31, 2017.

the Mandate on October 13, 2015. Plaintiffs have opposed that motion, claiming that the

effective date of the Final Rule should be January 1, 2015, the original effective date set by the

U.S. Department of Labor, despite the fact that the U.S. Department of Labor has subsequently

stated that the effective date of the Final Rule is the date of the Mandate, October 13, 2015. On

October 6, 2015, the Secretary of Labor, Thomas E. Perez issued the following press release

regarding the effective date of the Final Rule in light of the decision in *Weil II*:

> Today, Chief Justice of the United States John Roberts denied an application to stay
> a decision by the U.S. Court of Appeals for the District of Columbia Circuit
> upholding the U.S. Department of Labor's Home Care Final Rule. The court's Aug.
> 21, 2015, decision will take effect on Oct. 13 as a result.... As previously
> announced, the department will not begin enforcement of the final rule before Nov.
> 12, 2015, 30 days after the U.S. Court of Appeals decision takes effect.

News Release, Dep't of Labor (Oct. 6, 2015) (available at https://ww.dol.gov/opa/media/press/

opa/OPA20151992.htm).[2] The motion to dismiss has been fully briefed and argued, and the

parties are awaiting a decision on that motion by the Court.

Recently, the New York State Department of Labor (the "NYSDOL") conducted an audit

of Angels, including a review of the overtime pay practices at Angels. Wegman Aff. ¶ 15. By

letter dated March 30, 2017, the NYSDOL requested that Angels complete a self-audit to

determine the overtime wages, if any, due to all former and current employees. *Id.* at ¶ 16. The

NYSDOL states in its March 30, 2017, letter that the effective date of the Final Rule is October

13, 2015:

---

[2] A copy of the News Release from Secretary Thomas E. Perez is attached as <u>Exhibit 2</u> to the
Affidavit of Michael Wegman, sworn to on March 31, 2017.

> Employees should have been paid time and one half of *minimum wage* prior to
> 10/13/2015 and time and one half their *regular rate* after that. Your records show
> that overtime was being paid at the correct rate starting on 1/1/2016.

Wegman Aff. Ex. 3 (emphasis added). The effective date applied by the NYSDOL to the Final

Rule is the same as the effective applied by the United States Department of Labor. Both

regulatory agencies have determined that October 13, 2015, is the effective date of the Final

Rule.

In support of their present motion, Plaintiffs ask the Court to compel Defendants to "post

notices and opt-in forms in a conspicuous place, such as break rooms, locker rooms, time clocks,

or other areas of employee congregation, and at Defendants' locations where employees can see

such notices during the pendency of the lawsuit." Notice of Motion p. 2 (Dkt. 15). The request

is made without any apparent knowledge of Defendants facilities or operations. Angels

maintains a single facility at 1495 Lake Avenue, Rochester, New York 14615. Wegman Aff. ¶

5. The putative class alleged by Plaintiffs includes "[a]ll current or former employees of

Defendants who provided care, assistance or companionship to individuals within their homes

during the period January 1, 2015, through the present, and who were paid by the hour but not

paid at least one and one-half times their regular hourly rate for all hours worked in excess of

forty in a single workweek." Complaint ¶ 8 (Dkt. 1). By definition, the putative class includes

those who were providing companionship services to individuals *within their homes*. The

companionship services provided by these individuals are not provided at Angel's facility on

Lake Avenue, but in the homes of individuals who (because of age or infirmity) are unable to

care for themselves. Wegman Aff. ¶ 8. Time sheets are not turned in at the Lake Avenue

facility, but rather are emailed to Angels' administrative employees at the Lake Avenue facility.

- 6 -

*Id.* at ¶ 9. Those administrative employees do not provide companionship services, but rather perform a variety of administrative tasks, including processing payments and wages. *Id.* at ¶ 9. The members of the putative class do not work at or visit the Lake Avenue facility, apart from an initial visit for basic training. *Id.* at ¶ 10. There is no break room, locker room, or time clock used at the Lake Avenue facility by members of the putative class. *Id.* at ¶ 11. Posting notice of this alleged collective action at Angel's facility on Lake Avenue will serve no purpose other than to harass, embarrass, and annoy Defendants. *Id.* at ¶ 12.

## ARGUMENT

### POINT I

### THE MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION IS PREMATURE

The Court should deny Plaintiffs' motion for conditional certification as a collective action until the Court rules on the pending motion to dismiss. Plaintiffs seek conditional certification as a collective action for a putative class that includes "[a]ll current or former employees of Defendants who provided care, assistance or companionship to individuals with their homes during the period January 1, 2015, to the present," despite the fact that the pending motion to dismiss seeks to preclude claims that accrued between January 1, 2015, and October 13, 2015. If the motion to dismiss is granted the size of the putative class will be drastically limited. This is a fundamental issue in this action, and the Court's decision on the pending motion to dismiss may drastically alter the size of the potential collective action. The effective date of the Final Rule must be determined by the Court in order for an accurate version of the Notice to be provided to any potential opt-in plaintiff. Moreover, the effective date argued for by Defendants, October 13, 2015, has recently been applied by the United States District Court for

the Southern District of New York in *Alves v. Affiliated Home Care of Putnam, Inc.*, No. 16-cv-1593, 2017 U.S. Dist. LEXIS 17893, at *9 (S.D.N.Y. Feb. 8, 2017), which held that "[t]he [Final Rule] became effective on October 13, 2015." It is also the effective date that has been publicly adopted and applied by the U.S. Department of Labor. Wegman Aff. Ex. 2. Similarly, the NYSDOL has also informed Angels directly that October 13, 2015, is the effective date of the Final Rule. *Id.* at Ex. 3.

## POINT II

### PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY ARE "SIMILARLY SITUATED" TO THE POTENTIAL OPT-IN PLAINTIFFS

Courts apply a two-step approach when determining whether to certify a collective action under the FLSA. The first step is to determine whether to "send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The second step is to determine, on a fuller record, whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. *Id.* If the court determines after this second step that the opt-in plaintiffs are not similarly situated, the court can de-certify the action and dismiss the claims of the opt-in plaintiffs. *Id.*

Here, Plaintiffs are trying to complete the first step to certify a collective action by seeking permission to distribute the Notice to potential opt-in plaintiffs. To do so, Plaintiffs must make a "modest factual showing" that they and the potential opt-in plaintiffs were "victims of a common policy or plan that violated the law." *Id.* This burden of proof requires "substantial allegations" demonstrating a "factual nexus" between Plaintiffs and the potential opt-in

- 8 -

plaintiffs. *Diaz v. S & H Bondi's Dep't Store, Inc.*, No. 10-cv-7676, 2012 U.S. Dist. LEXIS 5683, at *3 (S.D.N.Y. Jan. 18, 2012). Plaintiffs have not met their burden. Rather, they rely solely upon conclusory allegations and a claim that Defendants have not denied the allegations in the Complaint, despite the fact that an Answer has not yet been imposed.

Plaintiffs' motion for conditional certification does not demonstrate a "factual nexus" between the Plaintiffs and the opt-in plaintiffs. The only factual allegations that Plaintiffs present are two conclusory allegations in their supporting declarations. Those declarations, which are essentially identical, both allege, verbatim, that "during my employment I asked why I was not paid one and one-half times my regular rate for overtime hours, and was told that Defendants were not required to do so." Hardgers-Powell Decl. ¶ 6; Clay Decl. ¶ 6. This conclusory and self-serving allegation contains no factual support and does not demonstrate a factual nexus between Plaintiffs and the potential opt-in plaintiffs. Plaintiffs do not allege who they spoke to about Defendants' alleged overtime pay policy or the nature of the policy. Rather, they merely allege that some unidentified person told them that Defendants did not pay overtime because they were "not required to do so." Hardgers-Powell Decl. ¶ 6; Clay Decl. ¶ 6. These bare bone allegations do not establish in any way that there was a uniform overtime policy that would create a factual nexus between Plaintiffs and other potential opt-in plaintiffs.

Similarly, the Declarations of Rose Hardgers-Powell and Yolanda Clay both allege, verbatim, that "I frequently discussed this pay practice with other employees. Based on my communications with other employees, it is my belief and understanding that all, or nearly all, employees experienced the same policy." Hardgers-Powell Decl. ¶ 7; Clay Decl. ¶ 7. Once again, these conclusory and self-serving allegations contain no factual support and do not

demonstrate a factual nexus between Plaintiffs and the potential opt-in plaintiffs. Plaintiffs do not identify a single employee that they spoke to about Defendants' pay practices, and provide no basis whatsoever for the allegation that "all, or nearly all, employees experienced the same policy." Hardgers-Powell Decl. ¶ 7; Clay Decl. ¶ 7. Finally, Plaintiffs have not demonstrated that they are similarly situated to the potential opt-in plaintiffs because they have not demonstrated that they will even be eligible to be in the putative class. If this Court applies an effective date of October 13, 2015, for the implementation of the Final Rule, Plaintiff Yolanda Clay will not qualify as a member of the putative class because she only worked for Angels from May 2013 to May 2015. All that would remain is a single plaintiff who has not even identified a single other person employed by Defendants that has not been paid overtime wages after the effective date of the Final Rule.

Unsupported allegations based on "information and belief," like those contained in the Hardgers-Powell and Clay Declarations, are not admissible in evidence and cannot be used to demonstrate a factual nexus that will support conditional certification as a collective action. *See McGlone v. Contr. Callers, Inc.*, 867 F. Supp. 2d 438, 444 (S.D.N.Y. 2012) ("An affidavit or declaration that is not made on personal knowledge, but instead based on information or belief, does not set out facts that would be admissible in evidence. Here, [the plaintiff's] claim of company-wide policies is based on allegations made on 'information and belief' and not on his personal knowledge. Without more, [the plaintiff] has not satisfied his burden to show that a nationwide collective action is appropriate."); *Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07-cv-2579, 2008 U.S. Dist. LEXIS 27519, at *4 (S.D.N.Y. Apr. 7, 2008) ("[C]onclusory

allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action.").

Plaintiffs' conclusory allegations stand in stark contrast to the factual allegations in other actions where a collective action has been conditionally certified. For example, in *Cano v. Four M Food Corp.*, No. 08-cv-3005, 2009 U.S. Dist. LEXIS 7780, at *15-18 (E.D.N.Y. Feb. 3, 2009), a motion for conditional certification as a collective action was granted where the plaintiffs submitted supporting affidavits in which they identified by name many of their former co-workers who were subjected to the alleged illegal common policy, described the common policy in detail based on discussions with named co-workers, and identified specific other employees that were believed to have also been subjected to the common policy. Here, Plaintiffs have provided no facts to support a nexus between their conclusory allegations and the potential opt-in plaintiffs. As a result, their motion for conditional certification as a collective action should be denied.

## POINT III

### THE NOTICE IS OVERBROAD, VAGUE, AND IMPROPER

To the extent the Court does grant Plaintiffs' motion for conditional certification as a collective action, it should not approve the Notice because it is overbroad, vague, and improper. The following is a list of the more serious deficiencies in the Notice.

First, the Notice may, depending on the outcome of the motion to dismiss, mislead recipients into thinking that they have a legal right that does not exist. Page 1 of the Notice states, in large bolded type, that "[i]f you worked for Angels In Your Home after January 1,

- 11 -

2015, and were not paid 1-1/2 times your hourly rate for hours over forty, a lawsuit may affect your rights." If the Notice is sent to potential opt-in plaintiffs, and the motion to dismiss is subsequently granted, recipients may, based on the period of their employment, be falsely led to believe that they have a potential claim against Defendants that does not actually exist. The Notice should be revised to explain that the eligibility of the potential opt-in plaintiffs may be limited based on a pending motion to dismiss that seeks to preclude all claims for overtime wages prior to October 13, 2015.

Second, the Notice implies that the only way for its recipients to recover any overtime wages that may be owed is to consent to join this action. Page 1 of the Notice contains a box with two sections: "Ask to be Included" and "Do Nothing." In the "Ask to be Included" section, the Notice states that "[b]y joining, you keep the possibility of getting money or benefits that may come from a trial or settlement." Dkt. 15-2. However, there is no similar statement that an individual who does not consent to join this action and reserves the right to sue Defendants separately will also "keep the possibility of getting money or benefits that may come from a trial or settlement" in that separate action. This confusion is compounded by the language in the "Do Nothing" section, which states that "[i]f you do nothing and money or benefits are later awarded, you won't share in those." *Id.* However, once again, there is no explanatory statement that informs an individual that they may still recover money or benefits in a separate action. As a result, the Notice is misleading because it implies that money of benefits may only be obtained by consenting to join this action. The Notice should be revised to explicitly state that potential opt-in plaintiffs may recover money or benefits in a successful direct action against Defendants

- 12 -

and that consent to join this action is not the only means of recovering money or benefits from Defendants.

Third, the Notice does not contain an appropriate opt-in period. Courts in the Second Circuit generally restrict the opt-in period to no more than sixty days. *See Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 566-67 (S.D.N.Y. 2015) (imposing a sixty day opt-in period); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-cv-1491, 2015 U.S. Dist. LEXIS 99089, at *11-12 (E.D.N.Y. June 29, 2015) (setting the opt-in period at the standard sixty days and collecting cases in which a sixty day opt-in period was imposed). As a result, the Notice should be revised to require any signed consent form to be postmarked no later than sixty days after the approval of the Notice by the Court.

Fourth, Plaintiffs have no factual support for their request to send the Notice to companionship services employees who worked more than forty hours per week after December 31, 2015. The NYSDOL has audited Angels and reviewed its overtime pay practices. Wegman Aff. ¶ 15. The NYSDOL has affirmatively concluded that, at a minimum, Angels "paid [overtime] at the correct rate starting on January 1, 2016." *Id.* at Ex. 3. Plaintiffs offer no factual support for their allegation that any current or former employee of Angels was not properly paid overtime wages on or after January 1, 2016. As a result, Plaintiffs should not be allowed to falsely imply to employees of Angels that there is any legitimate allegation in this action of unpaid overtime wages after December 31, 2015. In reality, the most that Plaintiffs can allege is that overtime wages might not have been properly paid by Angels for certain employees who worked more than forty hours per week between October 13, 2015, and December 31, 2015. If this Court rules in Plaintiffs' favor on the pending motion to dismiss, that period of time will be

- 13 -

extended to January 1, 2015, to December 31, 2015, but in no event can it extend beyond December 31, 2015, given the results of the NYSDOL audit.  The Notice should be revised to say that the putative class does not include employees who worked more than forty hours per week after December 31, 2015.

## POINT IV

### THE DISCOVERY SOUGHT BY PLAINTIFFS IS OVERBROAD

In support of their motion for conditional certification as a collective action, Plaintiffs seek discovery from Defendants regarding the identity of potential opt-in plaintiffs.  However, the discovery that is sought goes far beyond what is traditionally allowed in collective actions. Plaintiffs seek a hardcopy and electronic list that contains the following identifying information for all potential opt-in plaintiffs:

- Name
- Current or last known address,
- Phone number,
- Email address,
- Social security number,
- Identification number assigned by Defendants,
- Location of employment,
- Position or capacity of employment
- Rates of pay,
- Dates of employment, and
- Date of birth.

Notice of Motion (Dkt. 15-1).  To the extent the Court grants Plaintiffs' motion and approves a revised version of the Notice, Defendants will agree to produce a hard copy and electronic list of potential opt-in plaintiffs, subject to the outcome of the pending motion to dismiss, that contains the following identifying information:  name, last known address, and dates of employment.

That information is sufficient for Plaintiffs to distribute a revised version of the Notice that has been approved by the Court.

The other information requested by Plaintiffs (i.e., phone number, email address, social security number, identification number, location of employment, position or capacity, rate of pay, and date of birth) is not necessary for providing notice, is not generally required by courts in the Second Circuit, and would require the disclosure of sensitive personal identification information, like social security numbers and dates of birth, which provides no benefit to Plaintiffs other than giving their counsel the means to harass potential opt-in plaintiffs. *See Chhab v. Darden Rests., Inc.*, No. 11-cv-8345, 2013 U.S. Dist. LEXIS 135926, at *52 (S.D.N.Y. Sept. 20, 2013) (requiring the disclosure of names, work locations, dates of employment, and last known addresses, and denying the request for email addresses and telephone numbers). In addition, the request for the location of employment is particularly troubling. The potential opt-in plaintiffs work in the homes of individuals who (because of age or infirmity) are unable to care for themselves. These individuals have not consented to have their addresses disclosed by Defendants and there is no valid reason why their addresses are needed for Plaintiffs to send a revised version of the Notice to the potential opt-in plaintiffs, particularly as Defendants have agreed to provide the last known address for the potential opt-in plaintiffs.

Moreover, Plaintiffs request that the Court force Defendants to assist them in their efforts to expand this action by posting "notices and opt-in forms in a conspicuous place, such as break room, locker rooms, time clocks, or other areas of employee congregation, and at Defendants' locations where employees can see such notices during the pendency of the lawsuit." Notice of Motion p. 2. The request is improper because Defendants are willing to provide contract information for potential opt-in plaintiffs. *See Chhab*, No. 11-cv-8345, 2013 U.S. Dist. LEXIS

- 15 -

135926, at *51-52 (denying a request to force the defendants to post the approved form of notice

in conspicuous location at defendants' offices because such posting "is unnecessary where

defendants provide sufficient contact information for potential collective members).  In addition,

the only location where Defendants could post the Notice is their administrative office on Lake

Avenue, but the potential opt-in members do not regularly visit that location and posting the

Notice would only serve to harass, embarrass and annoy Defendants.  As a result, the request for

the posting of the Notice by Defendants should be denied.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

motion for conditional certification as a collective action, or, in the alternative, limit the Notice

and corresponding discovery as requested herein.

Dated: March 31, 2017
       Rochester, New York

BOYLAN CODE LLP

By:   s/ Terence L. Robinson, Jr.
      Terence L. Robinson, Jr.
      Scott M. Mooney

Culver Road Armory
145 Culver Road, Suite 100
Rochester, NY 14620

*Attorneys for Defendants Angels in Your Home LLC, Angels in Your Home, David Wegman, and Andy Wegman*