UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSE HARDGERS-POWELL, et al.,

                                                  Plaintiffs,

                                                                                                   Case # 16-CV-6612-FPG

v.

                                                                                                DECISION AND ORDER

ANGELS IN YOUR HOME LLC, et al.,

                                                  Defendants.

## INTRODUCTION

Presently before the Court are the parties' renewed motions for summary judgment, which relate to damages issues the Court declined to address in its January 30, 2019 Decision & Order. ECF No. 105. In the prior Decision & Order, the Court, *inter alia*, certified a class of current and former employees of Defendant David Wegman, who alleged that he failed to pay overtime wages at the rate required under New York Labor Law ("NYLL"). In addition, the Court granted summary judgment against David Wegman on the NYLL Overtime claim. *Id.* at 34, 43-44. The Court deferred judgment on damages issues and ordered the parties to meet and confer.

The parties have complied with the Court's Order and have agreed on many issues. As to those that remain in dispute, the parties have filed renewed motions for summary judgment. For the reasons that follow, Plaintiffs' motion is GRANTED, and Defendants' motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material

facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

This case involves home health care workers who allege that they did not receive overtime pay at the legally required rate from Defendants Angels In Your Home LLC, Angels In Your Home,[1] Andy Wegman, and David Wegman—the alleged employers. The named plaintiffs are Rose Hardgers-Powell and Yolanda Clay. In their amended complaint, Plaintiffs raise three claims. First, they contend that, between January 1 and December 31, 2015, Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages at the correct rate (the "FLSA Overtime claim"). Second, Plaintiffs assert that Defendants violated the NYLL on the same basis (the "NYLL Overtime claim"). Third, Plaintiffs contend that Defendants violated NYLL § 195, which requires every employer to provide a notice containing certain wage information (the "NYLL Wage-Notice claim"). *See* N.Y. Lab. Law § 195(1)(a).

As a result of motion practice, the case currently stands as follows. First, there are two classes that are proceeding:

    (1) a conditionally certified class on the FLSA Overtime claim, pursuant to 29 U.S.C. § 216(b); and

---

[1] The parties agree that "Angels In Your Home" is merely the name under which David Wegman does business. Because "[d]oing business under another name does not create an entity [distinct] from the person operating the business," the Court hereinafter disregards the D/B/A and refers only to David Wegman personally. *In re Golden Distributors, Ltd.*, 134 B.R. 766, 769 (Bankr. S.D.N.Y. 1991).

  (2) a Rule 23-certified class on the NYLL Overtime claim.

*See* ECF Nos. 27, 105.  Second, the only claims that remain in dispute are:

  (1) the FLSA Overtime claim against David Wegman;

  (2) the NYLL Overtime claim against David Wegman as to damages; and

  (3) Plaintiffs' individual NYLL Wage-Notice claims against David Wegman.[2]

*See* ECF No. 105 at 43-45.

## DISCUSSION

  Plaintiffs move for summary judgment as to damages on the NYLL Overtime claim, requesting the following: (1) actual damages of $469,192.13, less any amounts Defendants prove they have already paid; (2) liquidated damages; (3) prejudgment interest; and (4) attorney's fees and costs.  ECF No. 113-1 at 6.

  Defendants move for summary judgment as to damages on the FLSA and NYLL Overtime claims, arguing: (1) Plaintiffs are not entitled to liquidated damages under either the FLSA or NYLL; (2) even if they are, they may recover liquidated damages only under one of the statutes, not both; (3) Plaintiffs may not recover prejudgment interest in addition to liquidated damages on the FLSA Overtime claim; and (4) Plaintiffs may not recover prejudgment interest on the NYLL Overtime claim to the extent they receive liquidated damages on the FLSA Overtime claim.  The Court addresses each matter below.

---

[2] As the Court noted in its prior Decision & Order, it is unclear whether Plaintiffs intend to press this claim individually given that the Court denied their motion to certify the NYLL Wage-Notice class.  *See* ECF No. 105 at 38.  The Court includes it here for the sake of completeness.

**I.     Actual Damages**

In its January 30, 2019 Decision & Order, the Court ordered the parties to meet and confer "regarding the amount of unpaid overtime wages owed to *each* member of the NYLL Overtime Subclass." ECF No. 105 at 44. The Court further ordered the parties to submit a joint memorandum stating, as to each class member, the agreed and disputed actual damages. *Id.* The parties have complied with the Court's order. *See* ECF No. 111.

The parties agree that the amount of damages for unpaid overtime wages is $365,288.81 for the period between January 1, 2015 and October 17, 2015. *Id.* at 3. The parties also agree that the amount at issue for unpaid overtime wages is $103,903.32 for the period between October 18, 2015 and December 31, 2015. *Id.* Thus, the parties agree that the actual damages owed to the class is $469,192.13.

The only remaining issue is the amount already paid by David Wegman. Defendants argue that David Wegman paid $59,120.12 to the class as part of an audit by the Department of Labor ("DOL"). *See* ECF No. 90-1 ¶¶ 39, 40. Plaintiffs "accept the premise that Defendants have likely repaid some of the damages," but they contend that "Defendants should have to prove that they made the payments." ECF No. 113-1 at 8. Plaintiffs therefore propose that each class member's actual damages be the agreed amount of unpaid overtime wages less any amounts that "Defendants can prove to have repaid as evidenced by canceled checks or acknowledgement of receipt by the DOL if the DOL has taken custody of such funds." *Id.*

Defendants develop no argument as to why this procedure is unreasonable. In any case, the Court finds that Plaintiffs' proposal is a fair and reasonable means to ensure that each class member receives the unpaid wages to which he or she is entitled without obtaining a windfall.

Accordingly, the NYLL Overtime class is entitled to actual damages in the amount of $469,192.13, less any amount Defendants paid to class members as part of the DOL audit. By October 25, 2019, Defendants shall submit documentation to Plaintiffs to establish the amounts already paid. If Plaintiffs dispute the sufficiency of the documentation as to any class member, the parties may seek resolution from the Court.

## II.   Attorney's Fees

Although they recognize that the amount cannot be determined at this time, Plaintiffs request that the Court rule, as a matter of law, that they are entitled to attorney's fees and costs. Defendants do not appear to object to this request.[3]

Under NYLL § 198, a prevailing employee is entitled to reasonable attorney's fees and costs. *See, e.g.*, *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (summary order). In light of Plaintiffs' success on their NYLL Overtime claim, they are entitled to reasonable attorney's fees and costs. Plaintiffs may move for such relief once the merits issues have been resolved.

## III.   Prejudgment Interest

Plaintiffs also argue that they are entitled to prejudgment interest on their NYLL Overtime claim. Defendants do not appear to dispute this proposition. Instead, they contend that Plaintiffs may not recover liquidated damages under the FLSA if they recover prejudgment interest on their NYLL Overtime claim. In addition, Defendants argue that Plaintiffs may not recover prejudgment interest on their FLSA Overtime claim.

---

[3] Without elaboration, Defendants state in passing that Plaintiffs are not entitled to attorney's fees or costs. *See* ECF No. 117 at 6. The Court need not address this undeveloped argument. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Both sides are correct. A prevailing employee is entitled to prejudgment interest under NYLL § 198(1-a). *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). But, having obtained that relief, the employee cannot also be awarded liquidated damages under the FLSA. *See, e.g.*, *Tapia v. Be Optical LLC*, No. 16-CV-5555, 2018 WL 2078478, at *7-8 (E.D.N.Y. Feb. 13, 2018) (collecting cases). "FLSA liquidated damages serve as a form of prejudgment interest, and for that reason a plaintiff who prevails on his [or her] FLSA claim and receives liquidated damages may not also receive an award of interest." *Apolinar v. Global Deli & Grocery, Inc.*, No. 12CV3446, 2013 WL 5408122, at *12 (E.D.N.Y. Sept. 25, 2013). By contrast, "under the NYLL, prejudgment interest and liquidated damages may both be awarded because New York State has determined that they serve fundamentally different purposes. Liquidated damages . . . are meant to constitute a penalty on an employer's willful withholding of wages due, while prejudgment interest is meant to compensate a plaintiff for the loss of use money." *Id.* (internal quotation marks and citations omitted).

Consequently, Plaintiffs are entitled to prejudgment interest on their NYLL Overtime claim. But because they have chosen that relief, Plaintiffs are barred from obtaining either prejudgment interest or liquidated damages on their FLSA Overtime claim.

**IV.   Liquidated Damages**

Both the FLSA and NYLL provide for an award of liquidated damages, equal to the amount of unpaid wages, to the prevailing employee. *See* NYLL § 198(1-a); 29 U.S.C. § 216(b). However, an employer can avoid liquidated damages if it proves "that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). "'Good faith' in this context requires more than ignorance of the

prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015). The NYLL contains a similar defense to liquidated damages, and "courts have not substantively distinguished the federal standard from the current state standard of good faith." *Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835, 2015 WL 4940107, at *5 (S.D.N.Y. Aug. 11, 2015). Because Plaintiffs may not recover liquidated damages under the FLSA, the Court limits its analysis to Plaintiffs' NYLL Overtime claim.

Defendants have failed to present sufficient evidence that David Wegman had the requisite good faith. Indeed, David Wegman's own deposition suggests that he was simply ignorant of the regulatory changes to the companionship services exemption, which is insufficient to show good faith.[4] *See Reich*, 121 F.3d at 71. He testified that he only became aware of the regulatory changes because of the present litigation. *See* ECF No. 116-2 at 12; *see also id.* at 10-11 (stating that he was "not aware" of "a lot of pieces to the human resources side of [the business]"). This seems to stem, at least in part, from the fact that David Wegman delegated many of his day-to-day responsibilities to others. *See* ECF No. 89-3 at 6. Even so, that sort of passivity undercuts, rather than supports, a claim of good faith. *See Dudley v. Hanzon Homecare Servs., Inc.*, No. 15-CV-8821, 2018 WL 481884, at *5 (S.D.N.Y. Jan. 17, 2018) (employer failed to establish subjective good faith based on her use of a payroll service—which she believed would notify her of any noncompliance—because "passively making an assumption plainly does not qualify as an *active*

---

[4] *See generally Hardgers-Powell v. Angels in Your Home LLC*, 330 F.R.D. 89, 96-97 (W.D.N.Y. 2019) (explaining history of the exemption).

step to ascertain the dictates of the law and then act to comply with them" (internal quotations marks and brackets omitted)); *see also Sims v. Event Ops. Grp., Inc.*, No. 17-cv-1489, 2019 WL 1301959, at *6 (N.D. Ala. Mar. 21, 2019) (stating that "an employer cannot necessarily escape liability by delegating [] decisions to subordinates"). In short, David Wegman's own testimony suggests he did not take any active steps to ascertain the dictates of the FLSA and comply with them.

Nevertheless, Defendants point to other evidence to show that David Wegman in fact relied on "the DOL's written enforcement policies and . . . the advice of counsel" in deciding not to comply with the new rules. ECF No. 112-1 ¶ 13. To be sure, there is some evidence to support this claim. Michael Altieri, former CEO of the organization, testified that at some unidentified point, outside counsel notified him of the regulatory changes. ECF No. 90-4 at 3. Altieri, in turn, told David and Andy Wegman about those changes before he left the organization in October 2015. *See id.* Specifically, he told them that "[t]here would be a change in how we pay . . . caregivers, and they needed to make a decision on when to enact it based on the information that was provided." *Id.* David and Andy Wegman purportedly replied that they "would make that decision in time." *Id.* Similarly, Michael Wegman, the current CFO, avers that David Wegman relied on DOL's written guidance and counsel's advice when he decided not to comply with the new rules in 2015. ECF No. 112-1 ¶ 13.

The problem with this evidence is that it lacks any necessary detail. At most, it suggests that David Wegman's subordinates learned *some* information about the regulatory changes and that such information was relayed to him. But there is no evidence illuminating the substance of counsel's advice or whether David Wegman actually relied on it.[5] Other courts have rejected

---

[5] On this issue, Michael Wegman's affidavits are insufficient and largely inadmissible. He concedes that he did not begin working for David Wegman until Fall 2015, and his statements appear to be based on his

8

employers' attempts to demonstrate good faith through conclusory assertions of this kind. *See, e.g.*, *Inclan*, 95 F. Supp. 3d at 504 ("[W]hile it is undisputed that [the employer] retained counsel in the prior action . . . the record contains no evidence as to the advice of prior counsel nor of whether defendants followed that advice—far less whether the advice was erroneous."); *Carmack v. Park Cities Healthcare, LLC*, 321 F. Supp. 3d 689, 708 (N.D. Tex. 2018) (rejecting employer's claim of reliance on counsel, where employer presented no evidence concerning "the advice she received" or "the content of particular conversations or memos or emails from counsel"); *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 91-92 (N.D.N.Y. 1999).

Ultimately, no reasonable factfinder could find good faith based on Defendants' nonspecific, conclusory assertions about David Wegman's knowledge, intent, and decisionmaking. Because Defendants have not presented sufficient evidence to meet their burden of proving good faith, Plaintiffs are entitled to liquidated damages on their NYLL Overtime claim.

## V. Summary

This Decision & Order resolves Plaintiffs' NYLL Overtime claim against David Wegman: the class is entitled to actual damages ($469,192.13 less any amount Defendants already paid to class members), liquidated damages, prejudgment interest, attorney's fees, and costs. Final amounts for these categories will be determined once the remaining dispute over actual damages is resolved.

---

"review of [the] records and from speaking with certain individuals associated with the Company." ECF No. 112-1 ¶ 4. But on summary judgment, a court may not rely on inadmissible hearsay or evidence from witnesses who lack personal knowledge. *See Miller Marine Servs., Inc. v. Travelers Prop. Cas. Ins. Co.*, 197 F. App'x 62, 64 (2d Cir. 2006) (summary order).

## CONCLUSION

For the reasons stated herein, Defendants' renewed motion for summary judgment (ECF No. 112) is GRANTED IN PART and DENIED IN PART.  Their motion is denied, except that Defendant David Wegman is entitled to judgment as a matter of law to the extent Plaintiffs seek liquidated damages or prejudgment interest on their FLSA claim.

Plaintiffs' renewed motion for summary judgment (ECF No. 113) is GRANTED.  On their NYLL Overtime claim, Plaintiffs are entitled to actual damages ($469,192.13 less any amount Defendants paid to class members as part of the DOL audit), liquidated damages, prejudgment interest, attorney's fees, and costs.  By **October 25, 2019**, Defendants shall submit documentation to Plaintiffs to establish the amount already paid.  If Plaintiffs dispute the sufficiency of the documentation as to any class member, the parties may seek resolution from the Court.

The only claims that remain to be resolved are (1) the conditionally certified class's FLSA claim against David Wegman; and (2) Plantiffs' individual NYLL Wage-Notice claims.  To ensure that this matter proceeds expeditiously, the Court will schedule a status conference for **November 13, 2019 at 11:00 A.M.**  At the status conference, the parties may present any remaining disputes concerning actual damages on the NYLL Overtime claim, and they should be prepared to discuss how this matter should proceed to its conclusion in light of the Court's rulings.

IT IS SO ORDERED.

Dated: October 4, 2019
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court